**BRIAN P. BERSON, ESQ.**
235 Montgomery St., Suite 625
San Francisco, CA 94104
California State Bar No. 130249
Telephone No.:(415)788-2707
Facsimile No.:(415)392-5275

Counsel for Defendant **DAVID WELD**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-08-00083-PJH |
| Plaintiff, ) | |
| vs. ) | |
| DAVID WELD, et al. ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS
THE FIRST AND SECOND WIRETAPS**

i

**TABLE OF CONTENTS**

Table Of Contents ......................................... -i-

Table Of Authorities ......................................-ii-

I. Introduction ............................................ -1-

Ii. Standing ............................................... -2-

Iii. Applicable Law ........................................ -2-

Iv. First Wiretap Affidavit/Application (3/14/07)........... -6-

      A. Introduction. . . . . . . . . . . . . . . . . . ….. -6-

      B. Agent Soto Failed To Include A Full And Complete Statement About The Potential Usefulness Of Cooperating Witnesses And Confidential Informants .............. -6-

        1. Inadequate Use Of Cw-3 .................... -6-

        2. Inadequate Use Of Ci-1 .................... -9-

        3. CI-3's Usefulness Was Grossly Minimized………….-12-

    C. Agent Soto Failed To Include A Full And Complete Statement About The Possibility Of Using Undercover Agents (Ucas)........................................ -14-

    D. Agent Soto Failed To Include A Full And Complete Statement About Why Paula B. Fong Was Not Interviewed......................................... -16-

   E. Agent Soto Failed To Include A Full And Complete Statement About The Use Of Pen Registers And Other Phone Records .........................................-19-

   F. The March 14, 2007 Application Did Not Include The Required Full And Complete Stetement Of Other Investigative Procedures............................ -20-

V. The Second Wiretap Affidavit............................ -26-

      A. Introduction ...................................... -26-

      B. Further Traditional Means Of Investigation Could Have Been Employed To Investigate Roberto Ruiz Zaragoza.......................... -28-

    C. CI-3 Once Again Shows That He Has The Confidence Of Martin Zaragoza................... -32-

    D. Traditional Means Of Surveillance Could And Should Have Been Used Much More Effectively..................................... -35-

    E. Traditional Mean Of Obtaining And Examining Phone Records Could And Should Have Been Used More Effectively..................................... -37-

  F. Agents Did Little By Way Of Traditional Investigation Regarding Um 3516..................... -39-

  G. Co-Conspirator Tavo Could Have Been Identified Prior To The Second Wiretap Application............ -41-

  H. Financial Investigation............................ -42-

  I. Conclusion........................................ -43-

**TABLE OF AUTHORITIES**

**CASES**                                       **PAGE**

<u>Wong Sun v. United States</u>, 371 US 471 (1963)................ 1

21 U.S.C. §§ 846 and 841(a)(1)............................... 1

21 U.S.C. §§ 841(a)(1)....................................... 1

18 U.S.C. § 2................................................ 2

21 U.S.C. § 853.............................................. 3

18 U.S.C. Section 2518(10)(a)................................ 2

18 U.S.C. Section 2510(11)................................... 2

18 U.S.C. Section 2510 et seq................................ 2

18 U.S.C. Section 2511....................................... 2

<u>United States v. Blackmon</u>, 273 F. 3d 1204, 1207 (9th Cir. 2001)....................................... 2,5,6,7,26

United States v. Bennett, 219 F.3d 1117, 1121 (9th Cir. 2000).......................................... 3

United States v. Giordano, 416 U.S. 505, 515 (1974)............................................... 3,21,43

18 U.S.C. Section 2518(1)(c)................................. 3

S.Rep. No. 1097 at 101 (1968)............................... 3

United States v. Santora, 600 F.2d 1317, 1322-23 (9th Cir. 1979)................................................ 4,6,26

United States v. Carneiro, 861 F.2d. 1171, 1176, (9th Cir. 1988).......................................... 4,6,7,21,26

United States v. Spagnuolo, 549 F.2d 704, 710 (9th Cir. 1977)................................................... 4

United States v. Ippolito, 774 F.2d 1482, 1486 (9th Cir. 1985)................................................ 5,21

United States v. Commito, 918 F.2d 95, 97 (9th Cir. 1990)................................................... 5

18 U.S.C. Section 2528(1)(c).............................. 5,45

United States v. Abascal, 564 F.2d 821, 825 (9th Cir. 1977)... 5,6

United States v. Robinson, 698 F.2d 448, 453 (D.C. Cir. 1983).................................................... 6

United States v. Kalustian, 529 F.2d 585, 589 (9th Cir. 1975).................................................... 6

United States v. Kahn, 415 U.S. 143 (1974).................. 21

United States v. Simpson, 813 F.2d 1462, 1472 (9th Cir.)cert. denied __U.S.__ (1987)....................................... 22